```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**MARSHA M. WHITE,**

        **Plaintiff,**

  **vs.**                                       **Civil Action 2:15-cv-2091**
                                                  **Magistrate Judge King**

**PUBLIC SAFETY (BMV),** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

Plaintiff, a state employee who is an African-American female over the age of 40, alleges that defendant Public Safety (BMV) ("defendant state agency") and defendant Tyrone Reynolds failed to investigate and respond to plaintiff's complaints of harassment by two co-workers, failed to authorize plaintiff's transfer, and subjected plaintiff to further harassment, a hostile work environment, and retaliation. *See generally Complaint*, ECF 1. Plaintiff, who is proceeding without the assistance of counsel, asserts claims of race, sex, and age discrimination under Title VII, 42 U.S.C. § 2000e-5, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). *Id*. With the consent of the parties, *see* 28 U.S.C. § 636, this matter is before the Court on *Defendants' Motion for Partial Judgment on the Pleadings*, ECF No. 11 ("*Motion to Dismiss*");[1] *Plaintiff's Motion for Leave to File Amended Complaint*, ECF No. 12 ("*First Motion to Amend*"); and *Plaintiff'[s] Motion for Leave to File a Supplemental Pleading*, ECF No. 15 ("*Second Motion to Amend*") (collectively, "motions to

---

[1] Although defendants style their motion as one for judgment on the pleadings, they move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

amend").

Defendants move to dismiss plaintiff's claims of age and race discrimination and retaliation against defendant Reynolds pursuant to Rule 12(b)(6), and move to dismiss plaintiff's ADEA claim against the defendant state agency pursuant to Rule 12(b)(1). *See Motion to Dismiss*. A motion pursuant to Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In considering a motion to dismiss for failure to state a claim, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In moving to dismiss under Rule 12(b)(1), defendants challenge the Court's subject matter jurisdiction. When a motion to dismiss addresses the Court's jurisdiction, a plaintiff bears the burden of establishing jurisdiction in order to survive the motion. *See Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). "Specifically, the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Id*. (quoting *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).

In the case presently before the Court, defendants first contend that the claims asserted against defendant Reynolds should be dismissed because he is not an "employer" subject to liability under

2

Title VII and the ADEA. *Id*. at 3-4.  Defendants also argue that the doctrine of sovereign immunity bars plaintiff's ADEA claim against the defendant state agency.  *Id*. at 4.  In response, plaintiff agrees with defendants that these claims must fail.  *Memorandum in Opposition to Defendant's Partial Judgement [sic] on the Pleadings*, ECF No. 13, p. 2 ("*Plaintiff's Response*").  In addition, plaintiff's has filed her *First Motion to Amend*, which "seeks leave to substitute Public Safety (BMV) as the proper defendant."  *First Motion to Amend*, p. 3.  Plaintiff has not attached a copy of the proposed amended complaint.  *See generally id*.

    The Court agrees with the parties that plaintiffs' individual claims against defendant Reynolds and her ADEA claim against the defendant state agency must fail.  First, the United States Court of Appeals for the Sixth Circuit has held that "the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII."  *Wathen v. Gen. Elec. Co*., 115 F.3d 400, 406 (6th Cir. 1997).  This rationale applies to individual claims under the ADEA.  *Id*. at 405-06 (explaining that Title VII, the ADEA, and the Americans with Disabilities Act all define "employer" similarly).  *See also Loffredo v. Daimler AG*, 54 F. Supp. 3d 729, 735 (E.D. Mich. 2014) (stating that an individual may not be held liable under the ADEA) (citing *Wathen*, 115 F.3d at 405); O'Malley v. NaphCare, Inc., No. 3:12-CV-326, 2014 WL 806381, at *11 (S.D. Ohio Feb. 28, 2014) (finding that an ADEA claim against an individual "is not cognizable as a matter of law").  Accordingly, as the parties agree, plaintiffs' individual claims against defendant Reynolds must fail as a matter of

3

law.

The Court also agrees with the parties that the doctrine of sovereign immunity bars plaintiff's ADEA claim against the defendant state agency. "[T]he Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). "[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Id*. at 91. The State of Ohio and its agencies are therefore immune from suit under the ADEA. *Id.; Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005) ("Latham simply cannot sue a State under the ADEA without the State's consent."). For all these reasons, the *Motion to Dismiss* is therefore well-taken. In light of this conclusion, the *First Motion to Amend*, which seeks to eliminate all claims against defendant Reynolds, is now moot.

Finally, by separate filing, plaintiff also seeks leave to supplement the *Complaint* to assert new factual allegations and claims arising out of conduct and events that allegedly occurred after the *Complaint* was filed on May 20, 2015. *See generally Second Motion to Amend*. However, plaintiff again fails to attach a proposed pleading that encompasses the allegations sought to be asserted. *Id*. Instead, plaintiff apparently includes in the body of her motion the newly proposed allegations. *See id*. at pp. 3-5 (providing eight paragraphs of new allegations). Defendants do not oppose the *Second Motion to Amend*, but note that plaintiff's filings are confusing. *Defendants' Memorandum to Plaintiff's Motions for Leave to Amend Her Complaint*, ECF No. 16, p. 1 (noting that her new allegations are contained in

eight numbered paragraphs on pages 3-5 of her *Second Motion to Amend*). This Court agrees with that characterization.

The Court will permit plaintiff to file an amended complaint that includes not only the allegations contained in the original *Complaint* but also the new allegations/claims arising out of events that allegedly occurred after the *Complaint* was filed.

For clarity's sake, however, plaintiff must assert all of her allegations in a single pleading.

**WHEREUPON**, *Defendants' Motion for Partial Judgment on the Pleadings*, ECF No. 11, is **GRANTED**.  Plaintiff's claims against defendant Tyrone Reynolds are **DISMISSED** in their entirety.  The ADEA claim against defendant Public Safety (BMV) is also **DISMISSED**.  In light of this ruling, *Plaintiff's Motion for Leave to File Amended Complaint*, ECF No. 12, is **DENIED as moot**.  *Plaintiff'[s] Motion for Leave to File a Supplemental Pleading*, ECF No. 15, is **GRANTED in part**. To the extent that plaintiff wishes to pursue any of the remaining allegations or claims asserted in the original *Complaint* as well as new allegations or claims arising out of events that allegedly occurred after the *Complaint* was filed, she must file a comprehensive amended complaint no later than January 8, 2016.

                                            *s/   Norah McCann King*
                                             Norah McCann King
                                   United States Magistrate Judge

December 21, 2015